## TIBBETTS *v.* PERKINS.

A motion for an issue to the Court of Common Pleas in a suit in chancery is premature, if made before the pleadings are closed, so as to enable the court to see what facts are controverted, and to give the party entitled the benefit of the discovery which the defendant may make in his answer.

IN CHANCERY. Upon a motion for an issue to the Court of Common Pleas, the opinion of the court was delivered by

WOODS, J. This is a motion to direct an issue to the jury to be framed, and to order the same to be sent to the Court of Common Pleas for determination of the facts.

In *Tappan* v. *Evans*, 11 N. H. 311, it is said : "In a controversy about matter of fact, the court of chancery, if it have jurisdiction, may direct an issue to try the fact by a jury. The court directs an issue for the better information of its conscience." Authorities are cited to show that "the awarding such issue rests in sound discretion" in the practice of the courts of equity in England and elsewhere ; and that, "if fully satisfied as to the evidence, the court will not send it to a trial at law."

The case of *Tappan* v. *Evans* was one in which neither party moved for an issue, but in which the court saw fit to seek the aid of the jury as to matters of fact arising in it. The language of the court, therefore, is to be understood and interpreted by the case ; and the propositions contained in the authorities cited should be taken with a like restriction, rather than in the unqualified extent of their terms.

For in *Marston* v. *Brackett*, 9 N. H. 336, it had been held that, by the constitution of New-Hampshire, a defendant, in a bill in chancery, had a right, upon motion for a trial by jury, to have matters of fact, alleged in the bill and denied in the answer, tried by a jury, provided they were material to the decision of the cause, and the application for such trial were seasonably made.

And in *Dodge* v. *Griswold*, 12 N. H. 673, the question is stated, but left undecided, whether either party has not a constitutional right to a trial by jury, of all material facts alleged in the bill and controverted by the answer.

In the particular of the constitutional right to a trial by jury, the motion before us must be conceded to be entitled to a different consideration from motions of a like nature in the English and other courts of chancery, which furnish general models of practice. Gresley's Eq. Ev. 401.

Where an issue is ordered by the court it is to be made up under the direction of the court, and sent to the Court of Common Pleas for trial. *Marston* v. *Brackett*, 9 N. H. 349. A like rule is laid down in *Charles River Bridge* v. *Warren Bridge*, 7 Pick. 369.

It was further decided in *Marston* v. *Brackett*, that if a party, after the evidence has been taken and publication passed, moves for a trial by jury, the issue should be tried upon the same evidence upon which it would have been tried, had the case taken the usual course of cases in chancery, and been determined by the court upon examination of the proofs, unless for good cause the court should otherwise order.

In all cases of motions like the present, the party moving for the issue to the jury should point out what questions of fact he desires to try by the jury, and the court, if they are considered material, will direct such trial; and the evidence to be admitted at the trial, and the issue to be sent down, will be regulated and ordered by the court.

The proper time to move for an issue to the jury would seem to be after an answer is filed, and after it may become known what questions of fact actually present themselves in controversy, and which of them are material for deciding upon the merits of the case.

This subject is discussed by the court in the case before cited from the 7th of Pick. 369, in which they conclude

that all that the Bill of Rights can require as to subjecting all controversies as to matters of fact to be submitted to a jury, is "that all controverted facts, deemed essential to the fair and full trial of the case, shall be passed upon by the jury if the parties or either of them require it. And whether the facts so tried be essential or not, must of necessity be determined by the court." This cannot of course be done but upon inspection of the bill and answer. Indeed, the answer itself is ordinarily made evidence at the trial.

We may, therefore, conclude that until, by the filing of the answer, the case has become sufficiently mature for the party moving the issue to indicate the points of fact in dispute, and for the court to perceive them and to decide whether they are material to the cause; and until they are able to give the party entitled, the benefit of the discovery contained in the answer, a motion for a trial by jury is premature.

The pleadings in the present case have not been closed. It is impossible for any issue to be framed, for the plain reason that it is impossible now to know what facts will eventually be put in issue by them, or appear material for the cause, if so controverted. The motion is therefore premature, and must be denied.

*Motion denied.*

*James Bell* and *Norris*, for the orator.

*Perley*, for the defendant.